UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Linda Benavides, Paul Benavides, and David Benavides, Plaintiffs, | § § § § | |
| v. | § § | C.A. NO. C-04-517 |
| United States of America Defendant. | § § § | |

### AMENDED MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This is a suit to recover income taxes paid on a jury award of punitive damages in a wrongful death action in the 94th District Court of Nueces County, Texas.  The suit against the United States is authorized by 26 U.S.C. § 7422.  This Court has jurisdiction under 28 U.S.C. § 1346(a)(1).  The plaintiffs and the defendant have filed cross-motions for summary judgment.  Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992).  The Court decides the case in favor of the government.

Roger Benavides was an employee of American Chrome & Chemical in Corpus Christi, Texas, and while at work fell into a vat of chemicals and suffered a horrendous death.  Mr. Benavides was survived by his wife, Linda, and his two children, Paul and David, who are the plaintiffs.  At the time of the accident, Mr. Benavides was covered by

Texas Workers' Compensation.  Linda and her children filed and received workers' compensation benefits for the loss of her husband and the children's father.

Mrs. Benavides also filed a wrongful death suit seeking punitive damages against American Chrome & Chemical on behalf of herself and her minor children.  She prevailed at trial, receiving a favorable jury finding that gross negligence caused the death of her husband and was awarded $25 million.  The damage award was later reduced on settlement and the plaintiffs received a punitive award, apportioned 50% to Mrs. Benavides and 25% to each child.  The plaintiffs paid taxes on this award for the year 1999.  In January of 2001, Mrs. Benavides filed a refund claim for herself in the amount of $1,341,355 and for her children, Paul and David, in the amounts of $664,312 and $665,921, respectively.  The Internal Revenue Service denied these refunds and plaintiffs have now filed suit.

Resolution of this case depends upon the Court's interpretation and application of 26 U.S.C. § 104(a) and 104(c).  Section 104(a) provides an exception to the general rule that all gross income is taxable by excluding damages received through workmen's compensation payments and on account of personal injuries or physical sickness from inclusion in a taxpayer's gross income.  This exception has an exception, Section 104(a)(2), which excludes punitive damages from its coverage.  The courts interpreting this second exception have ruled that punitive damages, even when recovered in a suit for personal injury, are to be included in a taxpayer's gross income.  *O'Gilvie v. United*

*States*, 117 S. Ct. 452 (1996); *Estate of Moore v. Commissioner*, 53 F.3d 712 (5th Cir. 1995).

Were it not for an amendment to the statute made effective after the *O'Gilvie* and *Estate of Moore* decisions, this suit would be quickly resolved in favor of the United States.  However, in 1996 Congress amended Section 104 to include an exception to the rule that punitive damages should be included in a taxpayer's gross income.  Section 104(c) provides that punitive damages should not be included as gross income where the punitive damages are awarded in a civil action:

> (1) which is a wrongful death action, and
> (2) with respect to which applicable State law (as in effect on September 13, 1995 and without regard to any modification after such date) provides, or has been construed to provide by a court of competent jurisdiction pursuant to a decision issued on or before September 13, 1995, that only punitive damages may be awarded in such an action.

Plaintiffs argue that the damages received by them in settlement of their lawsuit for punitive damages should be excluded from their gross income under this section.  The Court holds that Section 104(c) does not apply in this situation because plaintiffs' action was not one in which only punitive damages may have been awarded.

The damages that the plaintiffs were awarded at trial (prior to eventual settlement) were recovered under the Texas Wrongful Death Act.  TEX. CIV. PRAC. & REM. CODE § 71.001 *et seq*.  Plaintiffs' were limited by the Texas Workers Compensation Act to a recovery of exemplary damages, because the decedent was covered by workers' compensation insurance and the plaintiffs received workers' compensation benefits.  TEX.

LAB. CODE § 408.001.  The decedent could have opted out of workers' compensation insurance coverage and retained his right and the right of his beneficiaries (i.e., the plaintiffs) to maintain a common law action for compensatory damages, but the decedent failed to do so.  TEX. REV. CIV. STAT. art. 8306, § 3(a); TEX. CIV. PRAC. & REM. CODE § 71.002.  Because the decedent did not opt out of the workers' compensation, the ability of his beneficiaries to recover upon his death was limited to payments under workers' compensation and recovery of punitive damages, both of which the plaintiffs received.

The Texas Wrongful Death Act, as applied in the present case, does not meet the exception of Section 104(c), because a plaintiff can maintain an action that is not a punitive damage action.  The available compensatory remedies are either workers' compensation payments or, if workers' compensation is declined by a decedent, a common law action.  Because the payments issued to the plaintiffs under the Texas Wrongful Death Act do not meet the exception of Section 104(c), they fall within the provisions of Section 104(a)(2), which excludes punitive damage payments from the exclusion of personal injury damages from gross income.  Therefore, plaintiffs' entire settlement must be included within their gross income.  Plaintiffs are not entitled to a refund.

Plaintiffs argue that Section 104(c) was intended by Congress to codify the result in the case of *Buford v. United States of America*, where the district court held that because the Alabama wrongful death statute in that case *only* provided for one type of damage award (a type that appears to be an amalgamation of compensatory and punitive

damages) it would be unfair to tax the plaintiff's entire damage settlement as punitive damages.   642 F. Supp. 635 (N.D. Ala. 1986).  The government argues that Congress did not intend to codify *Buford* in the 1996 amendments.

It is not necessary for the Court to decide whether or not Congress intended to codify *Buford* by enacting 104(c), because the situation here is clearly distinguishable from the situation in *Buford*.  In *Buford*, the plaintiff did not recover under workers' compensation laws.  *See id.*[1]  The wrongful death recovery by the plaintiff in *Buford* appears to be the only recovery made by the plaintiff.  Here, the plaintiffs recovered first under the Texas Workers' Compensation Act, and, as far as the Court is aware, continue to recover, at a rate of $238 per week.[2]  These payments are excluded from the plaintiffs' gross income by the operation of Section 104(a)(1).  The settlement money received by the plaintiffs is clearly intended to represent a punitive damage award, as demonstrated by the jury charge in plaintiffs' original lawsuit, which stated that the damages to be awarded to the plaintiffs were "exemplary damages," defined in the charge as an award given "as an example to others and as a penalty or by way of punishment."  This amount should be included in the gross income of the plaintiffs because it represents "punitive damages" as contemplated by Section 104(a)(2).

---

[1] Although some sections of the opinion might be read more expansively, as encompassing the entirety of Alabama's wrongful death recovery scheme, and, indeed, any wrongful death suit at all, such language is mere dicta as it is not essential to the holding.  Furthermore, Section 104(c) clearly limits the exception to specific types of wrongful death suits.

[2] Plaintiffs had already recovered approximately $200,000 in workers' compensation payments at the time these motions were filed.

The most logical reading of Section 104(c) is that Congress intended to remedy the inequitable situation where a plaintiff's *entire recovery* is taxed in a wrongful death action, including the portion that must inevitably be related to the decedent's personal injuries. This was the situation in *Buford*. In the present case, however, plaintiffs' recovery is divided into two parts: their recovery under workers' compensation, which was intended to make the plaintiffs whole with respect to the untimely passing of their husband and father; and their significant award of punitive damages.

For the foregoing reasons, this Court DENIES the plaintiffs' motion, and GRANTS summary judgment in favor of the government. Because the government's counterclaim was only asserted as a set-off in the event that the plaintiff recovered, it is hereby DISMISSED.

ORDERED this ____7____ day of ____March____, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE